UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LUIS CARDENAS-ORNELAS,<br><br>        Petitioner,<br> v.<br><br>RENEE BAKER, *et al.*,<br><br>        Respondents. | Case No. 3:17-cv-00461-MMD-VPC<br><br>ORDER |

This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's application to proceed *in forma pauperis* (ECF No. 1), on his motion for appointment of counsel submitted with the petition (ECF No. 1-2), and for initial review under Rule 4 of the Rules Governing Section 2254 Cases.

The Court finds that petitioner is unable to pay the filing fee within a reasonable time and therefore will grant the pauper application.

Turning to petitioner's motion for appointment of counsel, the Court finds that appointment of counsel is in the interests of justice taking into account, *inter alia*, the lengthy sentence structure, the number and complexity of potential claims, and petitioner's relatively limited ability to articulate his claims in proper person with the resources available to him. The motion accordingly will be granted.

It is therefore ordered that petitioner's application to proceed *in forma pauperis* (ECF No. 1) is granted and that petitioner will not be required to pay the filing fee.

It is further ordered that the Clerk file the petition and motion for appointment of counsel, that the motion is granted, and that the Clerk reflect the grant of the motion when docketing the motion, in a manner consistent with the Clerk's current practice for such matters. The counsel appointed will represent petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw.

It is further ordered that the Federal Public Defender will be provisionally appointed as counsel and will have thirty (30) days to undertake direct representation of petitioner or to indicate to the Court the office's inability to represent petitioner in these proceedings. If the Federal Public Defender is unable to represent petitioner, the Court will then appoint alternate counsel. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates, given the number of potential claims herein and the associated investigation potentially involved, setting the deadline for approximately one hundred fifty (150) days from entry of the formal order of appointment. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

It is further ordered, so that the respondents may be electronically served with any papers filed through counsel, the Clerk will add state attorney general Adam P. Laxalt as counsel for respondents and will make informal electronic service of this order upon respondents by directing a notice of electronic filing to him. Respondents' counsel must enter a notice of appearance within twenty-one (21) days of entry of this order, but no further response will be required from respondents until further order of the Court.

///

It is further ordered that the Clerk send a copy of this order to the *pro se* petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.

It is further ordered that the Clerk provide copies of all prior filings herein to both the Attorney General and the Federal Public Defender in a manner consistent with the Clerk's current practice, such as regeneration of notices of electronic filing.

DATED THIS 6th day of November 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE