UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LUIS CARDENAS-ORNELAS,<br><br>                              Petitioner,<br>    v.<br>RENEE BAKER, *et al.*,<br><br>                              Respondents. | Case No. 3:17-cv-00461-MMD-VPC<br><br>ORDER |

This habeas matter under 28 U.S.C. § 2254 comes before the Court following upon the Federal Public Defender's entry of a notice of conflict (ECF No. 9) together with petitioner's motion for leave to file a first amended petition (ECF No. 7) and motion for a scheduling order (ECF No. 8).

While the Federal Public Defender is entering a notice of conflict, counsel is seeking: (a) leave to file a first amended petition preserving then-known claims by a potential expiration date of the federal limitation period on November 28, 2017; and (b) entry of a scheduling order allowing conflict-free counsel an opportunity to file a second amended petition after petitioner's newly-appointed federal habeas counsel has had a full opportunity to independently investigate all potential claims. The Court has authorized such a "two-step" procedure in prior cases in situations where time potentially remains in the federal limitation period at the time of the appointment but that period may expire prior to a full opportunity for investigation by counsel. *See, e.g., McMahon v. Neven*, No. 2:14-cv-00076-APG-CWH, ECF No. 29 (D. Nev., May 29, 2014) (approving and explaining the

Court's rationale in allowing a bifurcated amendment procedure in habeas cases where the limitation period potentially may expire before federal habeas counsel would be able to conduct a complete investigation). Such a two-step procedure would appear to be additionally warranted in this circumstance given the conflict situation.

It is therefore ordered that the provisional appointment of the Federal Public Defender is withdrawn.

It is further ordered that David K. Neidert, Esq., 316 California Ave. #420, Reno, NV 89509, 775-742-2081, is appointed as counsel for petitioner pursuant to 18 U.S.C. § 3006A(a)(2)(B). Counsel will represent petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw.

It is further ordered that petitioner's motion for leave to file a first amended petition (ECF No. 7) is granted *nunc pro tunc* to November 28, 2017, and that the Clerk of Court file the first amended petition and exhibits. The exhibits may be left docketed under ECF No. 7 if more convenient to the Clerk.

It is further ordered that petitioner's motion for a scheduling order (ECF No. 8) is granted consistent with the remaining provisions of this order.

It is further ordered that petitioner will have until up to and including one hundred twenty (120) days from entry of this order within which to file a second amended petition and/or seek other appropriate relief. Neither the foregoing deadline nor any extension thereof signifies or will signify any implied finding as to the expiration of the federal limitation period and/or of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely asserting claims, without regard to any deadlines established or extensions granted herein. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

///

It is further ordered that: (a) respondents will not be required to respond to the first amended petition at this time, but that (b) respondents must file a response to the petition, as then amended, either within sixty (60) days of service of a second amended petition if filed or instead within sixty (60) days of the final expiration of the time to do so if petitioner does not file a second amended petition; and (c) petitioner may file a reply within thirty (30) days of service. The response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, will be governed instead by the local rules.

It is further ordered that any procedural defenses raised by respondents to the counseled amended petition must be raised together in a single consolidated motion to dismiss. In other words, the Court does not wish to address any procedural defenses raised herein either in *seriatum* fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents must not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss not in the answer; and (b) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, will be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

It is further ordered that, in any answer filed on the merits, respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that the hard copy of any exhibits filed by either counsel must be delivered — for this case — to the Reno Clerk's Office.

Following entry of Mr. Neidert as counsel of record on the docket, the Clerk will provide counsel, upon his request, with a single set of electronic copies of all prior filings

3

herein in a manner consistent with the Clerk's current practice, such as regeneration of notices of electronic filing.

The Clerk further will send a copy of this order to the petitioner in proper person at the last institutional address in the record and reflect said transmittal either via the notice of electronic filing or on the docket, in a manner consistent with the Clerk's current practice.

DATED THIS 4th day of December 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE