UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LUIS CARDENAS-ORNELAS, | Case No. 3:17-cv-00461-MMD-CBC |
| Petitioner, | ORDER |
| v. | |
| RENEE BAKER, *et al.*, | |
| Respondents. | |

Before the Court is Respondents' Sealed Motion for Leave to File Documents in Camera[1] and Under Seal (ECF No. 45). No response was filed and the deadline for doing so has expired. For the reasons discussed below, Respondents' motion is granted in part and denied in part.

As an initial matter, the Court notes that the motion was erroneously filed under seal when *the motion itself* does not contain any confidential information—only the attached exhibits presents confidential information. If a motion to seal itself contains confidential information, the moving party may file a *redacted* motion to seal on the public docket and an *unredacted* motion under seal with the sealed exhibits. However, this

---

[1]The Court notes that documents filed *in camera* are not the same as documents filed under seal. A document filed *in camera* is not made part of the record, and the document is viewed only by the court, not by other parties or the public. *See* LR IA 10-4. *In camera* review is disfavored and its application is generally confined to situations where the court resolves a dispute regarding an asserted privilege. *See, e.g.*, *Nishika, Ltd. v. Fuji Photo Film Co.*, 181 F.R.D. 465, 467 (D. Nev. 1998). Documents filed under seal, on the other hand, can be viewed by the Court and other parties but not by the public, and the document is part of the record. *See* LR IA 10-5. The Local Rules of Practice provide that the Court's electronic files constitute its official record. *See* LR IC 1-1(e). With limited exceptions, counsel must electronically file *all submissions* to the Court through the CM/ECF system. This includes all exhibits, *see* LR IA 10-3, LR IC 2-2, and sealed documents, *see* LR IA 10-5, LR IC 4-1. Because Respondents filed the subject exhibits under seal through CM/ECF, the Court construes this motion as only requesting permission for sealing, not *in camera* review.

practice is disfavored as litigants should attempt to meet their burden under *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), without specific references to confidential information. Parties must file confidential information separately under seal as a "Sealed Exhibit(s)" and link the sealed exhibit(s) to the motion to seal.

In addition, the certificate of service indicates that Cardenas-Ornelas' counsel was served by the CM/ECF system. (ECF No. 45 at 3.) However, when a filing is submitted under seal, CM/ECF does not generate a notice of electronic filing for purposes of service, even though the document is filed electronically. *See* LR IA 10-5, LR IC 4-1(c)(4). Thus, it is not clear whether Cardenas-Ornelas' counsel was served with the motion and its exhibits. For all future filings, Respondents must review the Local Rules of Practice regarding sealed filings and CM/ECF filing procedures available on the court's website. For additional direction regarding sealed filings, litigants may contact the CM/ECF Helpdesk at (702) 464-5555.

Respondents' motion seeks leave to file under seal a total of 43 exhibits. (ECF No. 45 at 5-7.) The exhibits include Cardenas-Ornelas' Presentence Investigation Report ("PSI") (ECF No. 45-9). Under Nevada law, the PSI is "confidential and must not be made a part of any public record." Nev. Rev. Stat. § 176.156(5). The remaining exhibits were filed under seal in the state trial court. Respondents claim these exhibits include "financial statements and information that may have been covered by attorney client privilege." (ECF No. 45 at 2.) Respondents seek to comply with the actions of the trial court and ask this Court to seal the same documents. Compelling reasons purportedly exist for sealing the exhibits because the trial court never made the filings public.

Having reviewed and considered the matter in accordance with the Ninth Circuit's directives set forth in *Kamakana* and its progeny, the Court finds that a compelling need to protect Cardenas-Ornelas' privacy and/or personal identifying information in his PSI outweighs the public interest in open access to court records. Respondents have met their burden of establishing compelling reasons for Exhibit 60 to remain sealed. However, Respondents have not made a particularized showing for the remaining exhibits.

In general, compelling reasons for sealing exist when court records might become a vehicle for improper purposes, such as "to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Demaree v. Pederson*, 887 F.3d 870, 884 (9th Cir. 2018) (quoting *Kamakana*, 447 F.3d at 1179). Under *Kamakana*, a party must make a particularized showing to overcome the presumption of public accessibility. Parties are required to set forth compelling reasons to seal for each exhibit. *See San Jose Mercury News v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999).

Respondents claim that the remaining exhibits should be sealed because the trial court previously sealed the same documents. However, Respondents do not set forth the trial court's basis for sealing. The exhibits do not display any personal data identifiers such as social security numbers, date of birth, financial account numbers, etc. *See e.g.*, LR IC 6-1(a); Fed. R. Civ. P. 5.2. The trial court's unexplained sealing of these documents does not provide compelling reasons for this Court to do the same.

Respondents also assert that sealing is justified because the exhibits *may* have been covered by attorney client privilege. Courts routinely grant protection orders for materials qualifying as privileged under the doctrine of attorney-client privilege. *See e.g.*, *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1138 (9th Cir. 2003). However, Respondents have not shown that the remaining exhibits are privileged or made a particularized showing of a compelling need for sealing. The Court has reviewed the exhibits, which include multiple motions by Cardenas-Ornelas' trial counsel seeking payment of attorney's fees and costs, as well as orders and notices related to those motions. The motions provide summaries of counsel's time and expenses and include descriptions of typical attorney tasks such as discovery review, jail visits, court appearances, telephone calls with the client or district attorney, drafting motions, and preparing for trial. Respondents do not explain how such descriptions reveal sensitive information or confidential case strategy or identify material protected by the attorney-client privilege doctrine. Respondents have not asserted or shown specific harm or prejudice that it expects will result from disclosure of any particular document it seeks to

3

seal. *See e.g.*, *Avnet, Inc. v. Avana Technologies Inc.*, 2:13-cv-0929-GMN-PAL, 2014 WL 4181831 (D. Nev. Aug. 20, 2014) (denying motion to seal attorney invoices purportedly covered by attorney-client privilege and filed in support of dispositive motions). A one-sentence assertion that exhibits consisting of more than two hundred pages *may* contain privileged information is insufficient. As such, the motion fails to show compelling reasons why the remaining exhibits should be sealed on the basis of privilege.

Furthermore, Cardenas-Ornelas may have waived any applicable privilege by asserting claims for ineffective assistance of counsel. It is well established that "where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) (en banc); *Lambright v. Ryan*, 698 F.3d 808, 813 (9th Cir. 2012) (noting that "a habeas petitioner waives his attorney-client privilege in a proceeding raising an ineffective assistance of counsel claim, but that such waiver is narrow and limited to what is necessary to allow the state to fairly defend against such claim"). The same rule applies to the work product privilege. *See Bittaker*, 331 F.3d at 722 n.6 ("Although our decision is couched in terms of the attorney-client privilege, it applies equally to the work product privilege, a complementary rule that protects many of the same interests.") (citing *Upjohn Co. v. United States*, 449 U.S. 383, 400 (1981)).

The Court will allow the remaining exhibits to stay sealed temporarily so the parties may confer about which, if any, exhibits or portions thereof should be sealed.

Accordingly, it is ordered that Respondents' Motion for Leave to File Exhibits Under Seal (ECF No. 45) is granted in part and denied in part without prejudice as follows:

1. Exhibit 60 (ECF No. 45-9) is considered properly filed under seal.
2. The parties will have until July 12, 2019, to file a memorandum of points and authorities and any supporting declaration or affidavit to make a particularized showing of compelling need why the remaining exhibits attached to Respondents' motion should remain under seal.

4

3. If the parties fail to timely comply with this order, the Clerk of Court will be directed to unseal the documents to make them available on the public docket.

It is further ordered that:

1. Respondents will serve Cardenas-Ornelas' counsel with a copy of the motion (ECF No. 45) and its exhibits in accordance with the Local Rules of Practice.
2. The Clerk of Court will UNSEAL the motion (ECF No. 45), leaving the attached exhibits under seal.

DATED THIS 21st day of June 2019.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE