UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| LUIS CARDENAS-ORNELAS, | Case No. 3:17-cv-00461-MMD-CLB |
|---|---|
| Petitioner, | ORDER |
| v. | |
| RENEE BAKER, *et al.*, | |
| Respondents. | |

**I.  SUMMARY**

Petitioner Luis Cardenas-Ornelas, an incarcerated person who is represented by counsel, has brought this habeas corpus proceeding under 28 U.S.C. § 2254. Currently before the Court is Respondents' Motion to Dismiss ("Motion") (ECF No. 39). Cardenas-Ornelas has responded (ECF No. 48), and Respondents have replied (ECF No. 48). For the reasons discussed below, the Court will grant Respondents' Motion.

**II.  BACKGROUND**[1]

Cardenas-Ornelas challenges a conviction and sentence imposed by the Second Judicial District Court for Washoe County ("State Court") for second degree murder with the use of a deadly weapon. (ECF No. 41-18.) In September 2010, the State Court entered a judgment of conviction sentencing Cardenas-Ornelas to a maximum term of life with the possibility of parole after a minimum of 10 years, plus a separate consecutive term of 96-240 months for the deadly weapon enhancement. (*Id.*) Cardenas-Ornelas appealed.

In his direct appeal, Cardenas-Ornelas raised two issues relevant to Respondents' motion: (1) whether the State Court erred in imposing a greater sentence for Cardenas-

---

[1]This procedural history is derived from the exhibits located at ECF Nos. 40-45 of the Court's docket.

1

Ornelas's weapon enhancement than that imposed on his similarly situated brother; and (2) whether Cardenas-Ornelas's weapon's enhancement was an illegal sentence. (ECF No. 22 at 3 (citing ECF No. 41-36 at 1 (Opening Brief).) The Nevada Supreme Court affirmed Cardenas-Ornelas's convictions on November 18, 2011. (ECF No. 42-2.)

On July 27, 2012, Cardenas-Ornelas filed a state petition for writ of habeas corpus ("State Petition") seeking post-conviction relief. (ECF No. 42-24.) The State Petition was denied, and Cardenas-Ornelas appealed. The Nevada Supreme Court affirmed the denial of relief (ECF No. 44-12), and the remittitur issued on May 9, 2017 (ECF No. 44-14).

Cardenas-Ornelas filed the federal petition initiating this case on August 2, 2017. (*See* ECF No. 1.) The Court subsequently appointed counsel to represent him and allowed leave to amend. (ECF No. 10.) The Second Amended Petition (ECF No. 22) ("Petition")—the operative pleading in this case—alleges four grounds for relief in total. Respondents' Motion challenges two of those four grounds, arguing cognizability and exhaustion.

### III. DISCUSSION

#### A. Cognizability – Ground 3

Respondents argue that Ground 3 of the Petition alleges error under NRS § 193.165, Nevada's deadly weapon enhancement sentencing statute, and therefore is not a cognizable federal habeas claim.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") "places limitations on a federal court's power to grant a state prisoner's federal habeas petition." *Hurles v. Ryan*, 752 F.3d 768, 777 (9th Cir. 2014) (citing *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)). When conducting habeas review, a federal court is limited to deciding whether a conviction violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable in federal habeas. *McGuire*, 502 U.S. 68.

Federal habeas relief is unavailable "for errors of state law." *Lewis v. Jeffers*, 497

U.S. 764, 780 (1990); *McGuire*, 502 U.S. at 67. A petitioner "cannot, merely by injecting a federal question into an action that asserts it is plainly a state law claim, transform the action into one arising under federal law." *Caterpillar v. Williams*, 482 U.S. 386, 399 (1987); *accord Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1999) ("A petitioner may not 'transform a state law issue into a federal one merely by asserting a violation of due process . . .'") (quoting *Langford v. Day*, 110 F.3d 1380, 1381 (9th Cir. 1996)). To state a cognizable federal habeas claim based on state sentencing error, a petitioner must allege that the error was "'so arbitrary or capricious as to constitute an independent due process or Eighth Amendment violation.'" *Richmond v. Lewis*, 506 U.S. 40, 50 (1992) (quoting *Lewis*, 497 U.S. at 780). A state court's misapplication of its own sentencing laws does not violate due process thereby justifying federal habeas relief unless the petitioner can show "fundamental unfairness." *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994).

Ground 3 alleges that "Cardenas-Ornelas' sentence under NRS [§] 193.165, for a weapon enhancement as a separate offense, is an illegal sentence in violation of Mr. Cardenas-Ornelas' constitutional rights secured by the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution." (ECF No. 22 at 13.) Cardenas-Ornelas argues that NRS § 193.165(4) prohibits the imposition of an additional penalty where the use of a firearm or deadly weapon is a necessary element of such crime. (*Id.* at 14.) He asserts that NRS § 193.165(4) applies because he was convicted of second-degree murder based on a felony murder theory; thus, the consecutive term of imprisonment is illegal.

Respondents argue that the core of Ground 3 sounds entirely in state law because it involves the interpretation of NRS 193.165. Respondents assert that Ground 3 attempts to artificially federalize the claim by citing the Fifth, Sixth, Eighth, and Fourteenth Amendments. (ECF No. 39 at 6.) They point out that Cardenas-Ornelas's only reference to the constitution is found in the heading of Ground 3 and he does not describe a constitutional violation based on the State Court's imposition of the consecutive sentence.

In response, Cardenas-Ornelas claims Ground 3 alleges that the State Court

violated his constitutional rights by imposing "disparate sentences"—not by violating Nevada law. (ECF No. 46 at 2.) By specifically alleging a violation of constitutional rights, he argues he has raised more than a general due process violation.

Respondents reply that the relief Cardenas-Ornelas seeks for Ground 3 is entirely dependent upon the interpretation of Nevada law; thus, federal habeas relief is not available. (ECF No. 48 at 1-2.)

The Court finds that Ground 3 is not cognizable in federal habeas because it presents a purely state law claim and conclusory allegations. Nothing in Ground 3 or the claim presented on direct appeal indicates that Cardenas-Ornelas was denied due process and/or refers to the United States Constitution in any respect. (*See* ECF No. 22 at 13-14; ECF No. 41-36 at 14-15.) Ground 3 does not allege a fundamental unfairness or any other arbitrary or capricious action. *See Richmond*, 506 U.S. at 50; *Christian*, 41 F.3d at 469. Cardenas-Ornelas simply alleges that the state court misinterpreted NRS 193.165. Accordingly, Ground 3 fails to state a cognizable claim for federal habeas relief.

**B. Exhaustion – Ground 2**

Pursuant to 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner must first exhaust state court remedies on a claim before presenting that claim to the federal courts. This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *E.g.*, *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999)). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *O'Sullivan*, 526 U.S. at 844-45. A properly exhausted claim "'must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief.'" *Woods*, 764 F.3d at 1129 (quoting *Gray v. Netherland*, 518 U.S. 152, 162-63

1  (1996)). Fair presentation therefore requires a petitioner to present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The mere citation of case law does not exhaust a claim. *Id.* at 1003.

Ground 2 alleges that the State "[C]ourt erred in imposing a greater sentence on Mr. Cardenas-Ornelas for the weapon enhancement than that imposed on his similarly situated brother, Antonio, in violation of his constitutional rights to due process under the Fifth, Sixth, and Fourteenth Amendments." (ECF No. 22 at 10.)

Respondents argue that Ground 2 is unexhausted because Cardenas-Ornelas failed to assert any constitutional due process challenge before the Nevada Supreme Court. (ECF No. 39 at 8-9.) They claim Cardenas-Ornelas's opening brief cited no federal case law, instead citing Illinois case law, and only one federal statute, 18 U.S.C. § 3553, which does not address constitutional principles. Because bare citation to one federal statute is not enough to meet the fair presentation requirement under AEDPA, Respondents contend that Cardenas-Ornelas failed to give the Nevada Supreme Court notice of a constitutional due process challenge. To the extent the Nevada Supreme Court conducted an Eighth Amendment analysis of Cardenas-Ornelas's claim, Respondents further argue that Ground 2 is still unexhausted as to the due process challenge.

Cardenas-Ornelas asserts that Respondents recognized the constitutional issue he raised in his opening brief and alerted the Nevada Supreme Court by using the term "cruel and unusual punishment" in their answering brief. (ECF No. 46 at 4 ("[A] sentence within the statutory limits is not cruel and unusual punishment where the statute itself is constitutional.") (quoting ECF No. 41-40 at 24).) Because "cruel and unusual punishment" is a constitutional term of art, Cardenas-Ornelas argues that its use "arguably alerted the Nevada Supreme Court to the constitutional nature of the claim." (*Id.*)

Respondents reply that a singular reference to "cruel and unusual punishment" was insufficient to exhaust a federal claim. To the extent it did, they argue that Cardenas-Ornelas would have an exhausted Eighth Amendment claim—not the "Fifth, Sixth, and

Fourteenth Amendment" due process violation he alleges in Ground 2. Thus, Respondents maintain that Ground 2 is unexhausted as to the due process claim.

The Court finds that Ground 2 is not exhausted. Cardenas-Ornelas's opening brief gave no indication that he was raising a federal due process claim. The brief noted that Nevada law did not sufficiently address sentencing disparities between similarly situated defendants and, therefore, cited § 3553 and Illinois case law in support of his claim. None of the Illinois cases engage in a federal constitutional analysis but rely on Illinois statutes and case law. Likewise, § 3553 does not apply federal constitutional principles but simply discusses sentencing factors for violations of federal criminal provisions. The mere citation of this irrelevant federal statute and Illinois case law was insufficient to exhaust Cardenas-Ornelas's due process claim. *See, e.g., Fields v. Waddington*, 401 F.3d 1018, 1021 (9th Cir. 2005) ("Citation of irrelevant federal cases does not provide a state court with a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim."); *Castillo*, 399 F.3d at 1003 ("Exhaustion demands more than drive-by citation, detached from any articulation of an underlying federal legal theory.").

Even if the Nevada Supreme Court addressed Cardenas-Ornelas's claim by applying Eighth Amendment principles, his due process claim is still unexhausted. On direct appeal, the Nevada Supreme Court concluded that Cardenas-Ornelas's sentence "is not so 'disproportionate to the offense as to shock the conscience.'" (ECF No. 42-2 at 3 (citing *Blume v. State*, 915 P.2d 282, 284 (Nev. 1996).) Such language may have addressed an implied Eighth Amendment claim.[2] Nevertheless, Ground 2 does not allege an Eighth Amendment claim—it alleges a violation of Cardenas-Ornelas's due process rights under the Fifth, Sixth, and Fourteenth Amendments. (ECF No. 22 at 10.) Where the constitutional claim raised in a cited case is not the same claim that the petitioner presents

---

[2]*Blume* relies on a line of cases that establish that a sentence within statutory limits does not constitute cruel and unusual punishment under the Eighth Amendment "where the statute fixing punishment is not unconstitutional or the sentence imposed is not disproportionate to the crime in a manner so as to be shocking to the conscience." *Lloyd v. State*, 576 P.2d 740, 743 (Nev. 1978); *see also Culverson v. State*, 596 P.2d 220, 221-22 (Nev. 1979).

in federal court, the case citation is insufficient to exhaust the claim presented in federal court. *E.g.*, *Shumway v. Payne*, 223 F.3d 982, 988 (9th Cir. 2000) (holding that a case's citation to the Sixth Amendment right to confront witnesses was insufficient to exhaust a claim addressing petitioner's federal rights to due process and to present at defense) (citing *Anderson v. Harless*, 459 U.S. 4, 7 n.3 (1982)). Because each federal legal theory must be individually presented to the state courts, but was not, the due process claim in Ground 2 was not fairly presented to the Nevada Supreme Court. Accordingly, Ground 2 of the Petition is not exhausted.

### C. Options on a Mixed Petition

Respondents' Motion addresses two of Cardenas-Ornelas's four grounds for relief. Cardenas-Ornelas has not exhausted Ground 2. A federal court may not entertain a habeas petition unless the petitioner has exhausted all available and adequate state court remedies for all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed petition" containing both exhausted and unexhausted claims is subject to dismissal. *Id.* Because Cardenas-Ornelas's Petition is mixed, he has three options: (1) file a motion to dismiss seeking partial dismissal of only the unexhausted claims; (2) file a motion to dismiss the entire petition without prejudice in order to return to state court to exhaust the unexhausted claims; and/or (3) file a motion for other appropriate relief, such as a motion for a stay and abeyance asking this Court to hold his exhausted claims in abeyance while he returns to State Court to exhaust the unexhausted claims.

### IV. CONCLUSION

It is therefore ordered that Respondents' Motion to Dismiss (ECF No. 39) in part Petitioner Luis Cardenas-Ornelas's Second Amended Petition (ECF No. 22) is granted. Ground 3 is dismissed as non-cognizable in federal habeas. Ground 2 is dismissed as unexhausted.

It is further ordered that, within 30 days of the date of this order, Cardenas-Ornelas must either:

    1. File a motion to dismiss seeking partial dismissal of only the unexhausted claim

(Ground 3);

2. File a motion to dismiss the entire Petition without prejudice in order to return to State Court to dismiss the unexhausted claim (Ground 3); and/or

3. File a motion for other appropriate relief, such as a motion for a stay and abeyance asking this Court to hold his exhausted claims in abeyance while he returns to State Court to exhaust the unexhausted claims.

Failure to timely comply with this order will result in the dismissal of Cardenas-Ornelas's mixed Petition without further advanced notice.

DATED THIS 31st day of January 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE