UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| LUIS CARDENAS-ORNELAS, | Case No. 3:17-cv-00461-MMD-CLB |
|---|---|
| Petitioner, | |
| v. | ORDER |
| RENEE BAKER, *et al.*, | |
| Respondents. | |

This habeas matter is before the Court on Petitioner Luis Cardenas-Ornelas's *pro se* Motions/Letters Requesting Copies (ECF Nos. 57, 58).

The Court appointed counsel to represent Petitioner in December 2017. (ECF No. 10.) A year later, Petitioner repeatedly mailed letters to the Court alleging that he could not reach counsel by telephone. (ECF Nos. 25, 27, 31.) The Court ordered counsel to respond (ECF No. 28), and counsel did so (ECF No. 32). Counsel represented that he would provide all other past and future filings to Petitioner, and that his office is equipped to accept inmate phone calls. (*Id.*) To the extent Petitioner sought counsel's withdrawal in his letters, the Court denied the request without prejudice because there was no indication of a conflict between counsel and Petitioner, or that counsel was unable to adequately represent Petitioner. (ECF No. 33.)

In September 2019, Petitioner alleged he had not received copies of any motions filed in this case since April 2019 and asked the Clerk of Court to send copies of the same. (ECF No. 50.) Because he is represented by counsel in this case, the Court informed Petitioner that he filed the *pro se* request in violation of LR IA 11-6, and the motion was stricken from the docket. (ECF No. 51.)

Petitioner has now filed two more requests for the Clerk of Court to send him copies of motions. (ECF Nos. 57, 58.)

Generally, an inmate has no constitutional right to free photocopying or to obtain court documents without payment. *See Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991). Nothing in federal law, the Federal Rules of Civil Procedure, the Local Rules of Practice, or established case law authorizes federal courts to waive or finance copy fees in closed habeas cases. *See* LSR 1-6 (stating that *in forma pauperis* status does not waive a party's "responsibility to pay the expenses of litigation that are not covered by 28 U.S.C. § 1915," which does not provide for copies).

Additionally, "[i]t is well established that district courts have inherent power to control their docket," including the power to strike improperly filed items from the docket. *See Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010). The Local Rules of Practice state, in relevant part:

> A party who has appeared by attorney cannot while so represented appear or act in the case. This means that once an attorney makes an appearance on behalf of a party, that party may not personally file a document with the court; all filings must thereafter be made by the attorney….

LR IA 11-6(a). This rule further states that an "attorney who has appeared for a party must be recognized by the court and all the parties as having control of the client's case." *Id.* Because counsel has been appointed, Petitioner's *pro se* request for copies is denied.

The Clerk of Court is therefore ordered to strike Petitioner Luis Cardenas-Ornelas's Motions/Letters Requesting Copies (ECF Nos. 57, 58) from the docket.

It is further ordered that Petitioner's counsel file a status report to update the Court on whether he has provided his client with relevant filings in this case, and if he has not, then an explanation for the failure to do so. The status report may be *ex parte*, and is due within seven days of the date of entry of this order.

DATED this 16th day of July 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE