UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LUIS CARDENAS-ORNELAS, | Case No. 3:17-cv-00461-MMD-CLB |
| Petitioner, | ORDER |
| v. | |
| RENEE BAKER, *et al.*, | |
| Respondents. | |

This habeas matter is before the Court on Respondents' second motion for enlargement of time (ECF No. 63).

When a party moves to extend a deadline before the original time expires and the stated reasons show good cause, the Court may grant the extension. *See* Fed. R. Civ. P. 6(b); LR IA 6-1. The "good cause" standard primarily considers the diligence of the party seeking the extension. *See In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013).

The Court's prior order noted that the Civil Justice Reform Act of 1990 ("CJRA"), 28 U.S.C. § 471 *et seq.*, sets a three-year goal to resolve each civil case on the merits, including habeas matters. (ECF No. 62.) Given the age of this case, which was opened in August 2017, counsel for both parties were directed to prioritize the deadlines in this case over later-filed matters. (*Id.*) Counsel was also warned: "**Further extensions of time are not likely to be granted absent compelling circumstances and a strong showing of good cause why the briefing could not be completed within the extended time allowed despite the exercise of due diligence**." (*Id.* (emphasis in original).)

Respondents now seek a 28-day extension of time to answer Petitioner's surviving claims. The motion states that counsel has been unable to complete the answer due to illness, which has put counsel behind in her work and necessitates the extension. Given counsel's representation, the Court will grant the requested extension, but no further

extensions will be granted with respect to Respondents' answer.

It is therefore ordered that Respondents' second Motion for Enlargement of Time (ECF No. 63) is granted.

DATED THIS 8th Day of September 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE